NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001173
29-OCT-2015
08:03 AM

NO. CAAP-14-0001173

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JASON LAIRD, Plaintiff-Appellant,
v.
HO'OLA LAHUI HAWAI'I dba KAUA'I COMMUNITY HEALTH CENTER,
DAVID PETERS, Defendants-Appellees,
and
JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5,
DOE LLCS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT
ORGANIZATIONS 1-5, and DOE GOVERNMENTAL AGENCIES 1-5, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 12-1-0271)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

Plaintiff-Appellant Jason Laird (**Laird**) appeals from
the Final Judgment entered on September 11, 2014 in the Circuit
Court of the Fifth Circuit[1] (**circuit court**).

On appeal, Laird contends the circuit court erred in:
(1) awarding attorneys' fees and costs for the first motion to
compel discovery; (2) granting the motions to compel Laird to
appear at depositions; (3) awarding attorneys' fees for the
second motion to compel discovery; (4) granting the ex parte
motion to shorten time for the hearing on the motion for
sanctions; (5) imposing the sanction of dismissal with prejudice;
and (6) awarding attorneys' fees for the motion for sanctions.

---

[1]     The Honorable Kathleen N.A. Watanabe presided.

## A. Attorneys' Fees Awards

### 1. Attorneys' Fees for First Motion to Compel

Laird argues the award for attorneys' fees should have been less than the $6,633.22 awarded by the circuit court, because the preparation for the first motion to compel should have been completed by a paralegal, rather than an attorney.

Laird cites Schefke v. Reliable Collection Agency, Ltd., 96 Hawai'i 408, 32 P.3d 52 (2001) to support his argument. Schefke holds, "if reasonable compensation requires it, a prevailing party must be compensated for paralegal costs." Id. at 458, 32 P.3d at 102. Schefke has no bearing on whether a motion to compel, or a comparable motion, should be drafted by a paralegal, nor does it hold that attorneys should use paralegals whenever possible to maximize cost savings.

Laird also argues that the preparation of a billing statement is a clerical task and should have been omitted from the award. "Courts should reduce an award of attorneys' fees for . . . performance of clerical functions." Schefke, 96 Hawai'i at 458, 32 P.3d at 102. The charge Laird contests as clerical work is described as "Discussion with [counsel] re preparation of declaration re time spent on motion to compel; review invoices for October and November 2013 and draft [counsel's] declaration and exhibits to the declaration." Although Laird construes this description to be "preparation of a billing statement," we cannot conclude that the circuit court has exceeded the bounds of reason or disregarded rules or principles of law or practice in awarding fees for a paralegal's preparation of a declaration in support of a motion to compel discovery. Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992).

### 2. Attorneys' Fees for Second Motion to Compel

Laird argues the award for attorneys' fees on the second motion to compel discovery "were similarly excessive as argued above with respect to the first motion." As Laird points to no additional authority requiring paralegals to prepare motions to compel, we cannot hold that the circuit court abused

its discretion in awarding attorneys' fees on the second motion to compel.

Laird's only additional argument is that counsel for Defendant-Appellees Ho'ola Lahui Hawai'i dba Kaua'i Community Health Center and David Peters (together, **KCHC**) "never did submit an itemized billing statement." However, the declaration of Pamela M. Harms, counsel for KCHC, states the basis, including hours and rates, for which KCHC requested attorneys' fees for the second motion to compel.

### 3. Attorneys' Fees for Motion to Dismiss

Laird argues "with respect to the third motion, the [circuit] court automatically approved the request for excessive attorneys' fees without any review as to reasonableness. Once again the attorneys' fees were approved without an itemized billing. This was an abuse of discretion and error." Laird makes no argument as to why the fee award on the motion to dismiss was not reasonable. Laird does not cite to any authority requiring KCHC to provide an itemized billing statement. Without more, this court cannot find that the circuit court has exceeded the bounds of reason or disregarded principles of law or practice in awarding attorneys' fees on KCHC's motion to dismiss. Amfac, 74 Haw. at 114, 839 P.2d at 26.

### B. Motion to Compel

Laird argues the circuit court "should not have ordered LAIRD to participate in a deposition when his legal representation was not clear." Laird suggests,

> Instead of granting the motion, the [circuit] court should have continued the hearing and ordered LAIRD to appear, in person, at the continued hearing at which the [circuit court] should have informed LAIRD that he had a certain amount of time to settle the issue of his legal representation and that if he did not do so and thereafter comply with all court rules and orders, his case would be dismissed with prejudice; and that, if he chose to continue pro se he would be held to the same standard of conduct as any attorney admitted to practice before the [circuit court].

Laird admits that he was "being deliberately contumacious in failing to communicate with his counsel, and in flagrantly ignoring court rules and orders." This is the type of behavior

3

that Hawai'i Rules of Civil Procedure (**HRCP**) Rule 37 seeks to deter and punish by allowing a court to compel discovery. HRCP Rule 37(d) states, "If a party . . . fails . . . to appear before the officer who is to take the deposition, after being served with a proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just[.]" Laird failed to appear at his scheduled deposition on numerous occasions. His assertion that his relationship with his counsel was tenuous does not render the granting of a motion to compel discovery based on his failure to appear at the deposition unjust. As such, the circuit court did not abuse its discretion in granting KCHC's motions to compel discovery. Save Sunset Beach Coal. v. City and Cty. of Honolulu, 102 Hawai'i 465, 483, 78 P.3d 1, 19 (2003).

**C. Motion to Shorten Time**

Laird argues the circuit court erred in granting the ex parte motion to shorten time because the circuit court should have instead continued the trial date. Laird provides no authority to support this argument.

Laird also argues that the motion to shorten time was served in violation of Rules of the Circuit Courts (**RCCH**) Rule 7.2(f), which states in part,

> **(f) Ex parte motions.** A motion entitled to be heard *ex parte* shall
>
> . . . .
>
> (2) be supported by an affidavit or declaration stating the reason(s) for filing the motion *ex parte*, the efforts made to notify parties, and, if the motion is to shorten time or advance a hearing pursuant to subsection (g)(5) of this rule, the efforts made to obtain a stipulation or response from the other parties in the case or the reason(s) why no attempt was made;
>
> . . . .
>
> (4) be served on the date that the motion was presented to the court.

KCHC's motion to shorten time was supported by a declaration from Corianne W. Lau (**Lau**), an attorney for KCHC. In Lau's declaration, there is no mention of any "efforts made to obtain a

4

stipulation or response from the other parties in the case or the reason(s) why no attempt was made." RCCH Rule 7.2(f)(2). In addition, the motion was delivered to Laird's counsel by mail.

Although the motion to shorten time was made in contravention of RCCH Rule 7.2(f), the circuit court's error was harmless. See HRCP Rule 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").

D. Imposition of Sanctions

Laird argues the circuit court erred by dismissing his case with prejudice, because:

> LAIRD should have been asked when he would be available for his deposition, and told that his failure to appear on that date would result in dismissal of his case with prejudice. He also should have been ordered to pay the prior monetary sanctions or show cause why he was unable to do so and told that his failure to do so would result in dismissal of his case.

The circuit court granted the motion for sanctions on August 21, 2014. At the hearing on the motion, the circuit court, addressing Laird's counsel Charles H. Brower (**Brower**), stated:

> You know, Mr. Brower, it's one thing for your client to not be respectful or to disregard opposing—the opposing party's attempts at discovery, and this court felt that it dealt fairly with that by issuing sanctions and not dismissing the case.
>
> I think the pattern has been made quite clear; that Dr. Laird not only has a lack of respect for the opposing part, which he is suing, I think it's been made very clear that Dr. Laird has a flagrant disregard of this Court's orders.
>
> This Court has ordered that he pay sanctions not once but twice. That was considered by this court to be a lesser—much lesser severity than a dismissal of a case. Dr. Laird has not made any payments as previously ordered by the Court.
>
> The prior Court order also addressed him to be cooperative in the depositions.
>
> I just find if very egregious, Dr. Laird—and I don't buy for a minute the excuse that you were so physically disabled that you were not able to pick up a phone and make a call. And as I said, these are Court orders.

> The Court has spent enough time addressing the failure of Dr. Laird to attend his depositions and to be cooperative in a case that he has filed against [KCHC]. All things considered, this Court is granting the motion by [KCHC]. This case is dismissed with prejudice.

HRCP Rule 37(b)(2)(C) permits a court to dismiss an action where a party fails to obey a discovery order, and HRCP Rule 37(d) permits a court to dismiss an action where a party fails to appear before the officer who is scheduled to take the party's deposition. See Webb v. Harvey, 103 Hawai'i 63, 67-68, 79 P.3d 681, 685-86 (App. 2003) (affirming dismissal as a discovery sanction where a party failed to attend a pretrial conference).

> [I]n reviewing whether a circuit court's dismissal of a claim as a discovery sanction constitutes an abuse of discretion, [appellate courts] consider the following five factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party moving for sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Aloha Unlimited, Inc. v. Coughlin, 79 Hawai'i 527, 533, 904 P.2d 541, 547 (App. 1995) (internal quotation marks and brackets omitted) (quoting W.H. Shipman, Ltd. v. Hawaiian Holiday Macadamia Nut Co., 8 Haw. App. 354, 362, 802 P.2d 1203, 1207 (1990). In Aloha Unlimited, we affirmed a trial court's dismissal of a counterclaim where a party had failed to comply with discovery requests, applying the five factors listed above.

The first two factors are related, and here, weigh in favor of the sanction. See Aloha Unlimited, 79 Hawai'i at 533, 904 P.2d at 547. Trial was scheduled for the weeks of October 13 and 20, 2014. The discovery cutoff was on August 29, 2014. Laird failed to appear to be deposed on four separate occasions, March 25, 2014, April 17, 2014, July 1, 2014, and July 10, 2014 (**four scheduled depositions**). Like the sanctioned party in Aloha Unlimited, Laird "consistently ignored the various orders requiring [him] to comply with [the opposing party's] discovery requests. Further motions urging them to comply would be useless and only clog up the court's docket." Aloha Unlimited, 79

6

Hawaiʻi at 533, 904 P.2d at 547. Laird, on appeal, suggests that the "looming trial deadlines could easily have been dealt with by simply continuing the trial date." This solution, however, is incompatible with the first two factors favoring expediency and efficiency.

The third factor asks whether the sanctioned party's actions have "impaired [the other party's decision] to go to trial or threaten to interfere with the rightful decision of the case." Aloha Unlimited, 79 Hawaiʻi at 533, 904 P.2d at 547 (internal quotation marks omitted) (quoting Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987), cert denied sub nom. Malone v. Frank, 488 U.S. 819 (1988)). In Aloha Unlimited, this court held that the sanctioned party's "repeated failure to follow court orders requiring it to comply with [the opposing party's] discovery requests . . . deprived [the opposing party] of information it needs to proceed to trial and constitutes a sizeable threat to the 'rightful decision of the case.'" Aloha Unlimited, 79 Hawaiʻi at 533, 904 P.2d at 547. Similarly, Laird's repeated failure to appear at scheduled depositions and to comply with the circuit court's orders prevented KCHC from obtaining information it needed to prepare for trial.

In considering the fourth factor, we look at whether the sanctioned party "wrongfully failed to provide discovery or if the failure was due to delay or contumacious conduct." Aloha Unlimited, 79 Hawaiʻi at 534, 904 P.2d at 548. In Aloha Unlimited, the sanctioned party "was properly notified of the date of the deposition and appeared twenty-four hours late. There is nothing in the record to suggest that [the sanctioned party's] failure to timely appear was due to inadvertence, negligence, or error." Aloha Unlimited, 79 Hawaiʻi at 534, 904 P.2d at 548. Here, Laird failed to appear to the four scheduled depositions, including two after the circuit court's June 5, 2014 order compelling him to appear for an oral deposition. Laird does not argue that he was not notified about the scheduled depositions. Laird's only argument to the circuit court was that

his medical condition had prevented him from appearing. However, as the circuit court pointed out, Laird does not explain how his medical condition prevented him from contacting his counsel to inform him that he would be unable to appear at his deposition. Notably, Laird admits on appeal that his conduct was unacceptable, stating, "it should have been apparent to the [circuit court] that LAIRD was being deliberately contumacious in failing to communicate with his counsel, and in flagrantly ignoring court rules and orders." As we did in Aloha Unlimited, we hold that the record shows Laird willfully violated the discovery rules, supporting the sanction of dismissal.

The fifth factor "concerns the consideration of less drastic available sanctions than a dismissal." Aloha Unlimited, 79 Hawai'i at 535, 904 P.2d at 549 (internal quotation marks omitted) (quoting W.H. Shipman, 8 Haw. App. At 364, 802 P.2d at 1208. In Aloha Unlimited, we held,

> [T]his is one of those exceptional cases where [a discussion of the possibility of dismissal with the party to be sanctioned] is not necessary. With regard to the first order, [the sanctioned party's] failure to timely attend a scheduled deposition was not an isolated act but was indicative of its behavior during the discovery process. Prior to [the motion to dismiss, the sanctioned party had] already demonstrated its contentious attitude towards discovery by repeatedly forcing [the opposing party] to obtain orders compelling it to comply with discovery.

Aloha Unlimited, 79 Hawai'i at 535, 904 P.2d at 549. Similarly, Laird failed to engage meaningfully in the discovery process, resulting in two orders by the circuit court, the April 4, 2014 order to compel discovery, and the June 5, 2014 order compelling Laird to appear for oral deposition. While Laird argues on appeal that the circuit court's failure to warn Laird about the possibility of dismissal was an abuse of discretion, we hold that like Aloha Unlimited, this is the type of case in which the sanctioned party's conduct was egregious enough to render the warning of dismissal unnecessary.

All five factors outlined in Aloha Unlimited support the sanction of dismissal of Laird's case. Therefore, we conclude the circuit court did not abuse its discretion in

dismissing Laird's case as a discovery sanction.  <u>Aloha Unlimited</u>, 79 Hawai'i at 535-36, 904 P.2d at 549-50.

Therefore,

IT IS HEREBY ORDERED that the Final Judgment entered on September 11, 2014 in the Circuit Court of the Fifth Circuit is affirmed.

DATED:  Honolulu, Hawai'i, October 29, 2015.

On the briefs:

Charles H. Brower
for Plaintiff-Appellant.

Corianne W. Lau
Terry E. Thomason
Jessica Y.K. Wong
(Alston Hunt Floyd & Ing)
for Defendants-Appellees.

Presiding Judge

Associate Judge

Associate Judge

9